USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
    UNITED STATES OF AMERICA,

                -v-                                     1: 18-cr-902-GHW

    WALTHER CASTILLO,                              ORDER

                         Defendant.
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On May 21, 2020, the Court received a letter from Mr. Walther Castillo. In his letter, Mr. Castillo requests that the Court order him released on compassionate release in connection with the COVID-19 pandemic. In support of his application, Mr. Castillo states that he suffers from asthma, and asserts that because of that fact, linked with the fact that he is both "Black and Spanish," it is more likely that he will catch the novel coronavirus.

The Court sentenced Mr. Castillo to 36 months imprisonment on September 25, 2019, after Mr. Castillo had pleaded guilty to the offense of conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. That sentence represented a substantial downward variance from the advisory guidelines range associated with Mr. Castillo's crime of conviction. Mr. Castillo was 34 years old at the time of his sentencing. The Court noted at the time of sentencing that Mr. Castillo had a number of health related issues that led the Court to vary downward substantially in its sentence. Sentencing Transcript, Dkt. No. 62, at 25:15-26:8.

The Court must deny the application at this time because it is not apparent from Mr. Castillo's letter that he has taken the steps necessary to obtain the relief that he is requesting

pursuant to the governing statute. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before bringing a motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."). Mr. Castillo's application suggests that he has not yet requested that the warden take action under the statute. He writes: "I most respectfully request that Warden Ms. Howard take into consideration for requested compassionate release . . . ." Again, this suggests that Mr. Castillo has come to the Court before making a request to the warden, as required by the statute.

In order for Mr. Castillo to move this Court for compassionate release, he must first apply to the warden of his facility, requesting that the Bureau of Prisons make an application for compassionate release on his behalf. In the event that the BOP does not respond to the application within 30 days, the statute then permits Mr. Castillo to make an application to the Court. The Court requests that in any subsequent application, Mr. Castillo provide information regarding when and how he requested the warden of his facility to move for compassionate release on his behalf.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Castillo.

SO ORDERED.

Dated: June 1, 2020

                                              GREGORY H. WOODS
                                              United States District Judge