UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

      UNITED STATES,

               -v-

      WALTER CASTILLO,

                      Defendant.

------------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/28/2020
```

1:18-cr-902-GHW-2

ORDER

GREGORY H. WOODS, United States District Judge:

On October 21, 2020, the Court issued an order and opinion denying the application by

Walter Castillo for compassionate release as a result of the COVID-19 pandemic. Dkt. No. 82.

After issuing its order, the Court received two pieces of correspondence from Mr. Castillo.

The first was a reply to the Government's opposition to his motion (the "Reply"). Dkt. No.

83. The Reply was dated October 10, 2020, before the Court's October 21, 2020 order. But the

Court had not received it prior to the issuance of its order denying Mr. Castillo's motion.

The second document, dated October 31, 2020, responds to the Court's decision, and

requests that the Court reconsider its decision in light of the information provided in his reply (the

"Request for Reconsideration"). Dkt. No. 84. In his Request for Reconsideration, Mr. Castillo

explains that he submitted a reply "belatedly" because he did not have access to his legal work.

The Court has considered the information contained in Mr. Castillo's Reply and his Request

for Reconsideration. They do not provide a sufficient basis for the Court to reconsider its prior

denial of Mr. Castillo's motion. Local Criminal Rule 49.1(d) governs motions for reconsideration.

"Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical

standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal

cases. Thus, the standard of review for motions seeking reconsideration is the same under Local

Criminal Rule 49.1 as it is under Local Civil Rule 6.3 and the Federal Rules of Civil Procedure."
*United States v. Rice*, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015)
(internal citations omitted).  "Motions for reconsideration are . . . committed to the sound discretion
of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117
(JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases).  "Reconsideration of a
previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*,
No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield
Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)).  As such, reconsideration should be
granted only when the moving party "identifies an intervening change of controlling law, the
availability of new evidence, or the need to correct a clear error or prevent manifest injustice."
*Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of
Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks
omitted).

Mr. Castillo's Reply and Request for Reconsideration argue that he satisfied the statutory
exhaustion requirements.  Reply at 2; Request for Reconsideration at 1.  The Court did not deny Mr.
Castillo's request for failure to satisfy the exhaustion requirements.  In its August 31, 2020 order, the
Court stated that Mr. Castillo had satisfied those requirements.  Dkt. No. 79.

The Court was aware of the gravity of the COVID-19 pandemic, and of Mr. Castillo's health
issues at the time of its opinion.  The information provided in the Reply and Request for
Reconsideration do not alter the Court's assessment of whether Mr. Castillo has demonstrated the
existence of "extraordinary and compelling" reasons for his release.

Mr. Castillo's Reply and Request for Reconsideration argue that Mr. Castillo is not a violent
offender is that, as a result, he is not a danger to the community.  In its October order, the Court
evaluated the propriety of Mr. Castillo's sentence under the factors set forth in 18 U.S.C. § 3553(a),

and concluded that a sentence adjustment was not warranted.  Among other things, the Court noted

the continuing need for personal deterrence for Mr. Castillo, after considering Mr. Castillo's

substantial criminal history, which include thirteen criminal convictions since he reached adulthood.

In sum, the Court has considered the information presented in the Reply and the Request

for Reconsideration.  They do not lead the Court to reconsider its October 21, 2020 order.  In sum,

having considered all of the information presented to the Court in connection with Mr. Castillo's

application, the Court does not believe that a reduction in Mr. Castillo's sentence is warranted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Castillo.

SO ORDERED.

Dated: November 28, 2020

_____
GREGORY H. WOODS
United States District Judge