USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                         :

UNITED STATES,                     :

                         :

                         :

       -v-               :              1:18-cr-902-GHW-2

                         :

WALTER CASTILLO,          :              <u>ORDER</u>

                         :

            Defendant. :
----------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On October 21, 2020, the Court issued an order and opinion denying the application by

Walter Castillo for compassionate release as a result of the COVID-19 pandemic. Dkt. No. 82. On

November 28, 2020, the Court issued a separate order denying Mr. Castillo's request for

reconsideration of that decision. Dkt. No. 85 (the "November 2020 Order").

On January 11, 2021, Mr. Castillo filed an affidavit dated December 7, 2020. Dkt. No. 91

(the "Application"). In his Application, Mr. Castillo notes a number of facts for the record,

including the facts that he "is not a terrorist," "is not a dangerous racketeer," "is not a 'made

member of [an] organized crime family' and never committed any act or acts of murder," and "was

never convicted of any violent armed robbery." *Id.* at 4. Instead, Mr. Castillo asserts he "is a nickel

and dime street corner small level drug dealer." *Id.* In his Application, Mr. Castillo details

information regarding the extent of COVID-19's penetration at FCI Allenwood, where he is

incarcerated, which he describes as "newly discovered evidence." *Id.* at 4-5. On the basis of this

information, Mr. Castillo requests that the court vacate its prior denial of his request for

compassionate release and order his immediate release from custody.

The Court has considered the information contained in Mr. Castillo's Application, which the

Court construes as a request for the Court to reconsider its prior decisions in light of the additional

information included in the Application. Like his prior request for reconsideration, the Application, considered together with the information previously presented to the Court by Mr. Castillo, does not provide a sufficient basis for the Court to reconsider its prior denial of Mr. Castillo's motion.

Local Criminal Rule 49.1(d) governs motions for reconsideration. "Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases. Thus, the standard of review for motions seeking reconsideration is the same under Local Criminal Rule 49.1 as it is under Local Civil Rule 6.3 and the Federal Rules of Civil Procedure." *United States v. Rice*, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (internal citations omitted). "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

Mr. Castillo's Application points the Court to facts regarding his criminal history. However, the Court was fully aware of the extent and nature of Mr. Castillo's criminal history at the time of its prior decisions. The Court did not list every one of those convictions in its original decision or the November 2020 Order, because there are many. Nor does the Court do so here. However, the Court notes that those convictions include not only drug-related convictions, but also convictions

2

for menacing in the second degree, driving under the influence, and two convictions for petit larceny.  Sentencing Transcript, Dkt. No. 62, at 8:7-9:3; Presentence Report, Dkt. No. 47, at 10-14.  Mr. Castillo also committed his crime of conviction in this case while under a conditional discharge from another offense.  *Id.*

And the details included in the Application regarding current conditions of the virus at FCI Allenwood, while new, do not support a different conclusion than that previously reached by the Court.  The Court considered the existence of COVID-19 in the prison at the time of its prior decision.  In sum, he information provided in the Application does not alter the Court's assessment of whether Mr. Castillo is entitled to compassionate release.  As the Court wrote in its original decision, "[t]he Court imposed a sentence that was substantially below the advisory guidelines range, and that the Court viewed as the lowest sufficient sentence given its assessment of all of the sentencing factors."  Dkt. No. 82 at 8.  Mr. Castillo's Application does not lead the Court to reevaluate that conclusion.

In sum, the Court has considered the information presented in the Application.  It does not lead the Court to reconsider its October 21, 2020 order or its November 2020 Order.  In sum, having considered all of the information presented to the Court in connection with Mr. Castillo's Application, the Court does not believe that a reduction in Mr. Castillo's sentence is warranted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Castillo.

SO ORDERED.

Dated: January 16, 2021

_____
GREGORY H. WOODS
United States District Judge

3